# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SMDK CORP., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 2:08-cv-26 |
| CREATIVE LABS, INC., § | |
| CREATIVE TECHNOLOGY LTD., § | **JURY TRIAL DEMANDED** |
| COBY ELECTRONICS CORP., § | |
| EPSON AMERICA, INC., § | |
| SEIKO EPSON CORP., § | |
| SEIKO CORP., § | |
| TIC COMPUTER INC., D/B/A § | |
|     WOLVERINE DATA, § | |
| VOSONIC TECHNOLOGY CORP., § | |
| PHISON CORP., § | |
| THOMSON, D/B/A RCA BY THOMSON § | |
|     and § | |
| AUDIOVOX CORP., § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SMDK Corp. ("Plaintiff" or "SMDK"), by and through its undersigned counsel, files this Original Complaint against Creative Labs, Inc., Creative Technology Ltd., Coby Electronics Corp., Epson America, Inc., Seiko Epson Corp., Seiko Corp., TIC Computer Inc., d/b/a Wolverine Data, Vosonic Technology Corp., Phison Corp., Thomson, d/b/a RCA by Thomson, and Audiovox Corp. (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop each Defendant's infringement of SMDK's United States Patent No. 6,658,202 entitled "Portable Data Transfer and Mass Storage

Device for Removable Memory Modules" (the "'202 patent"; a copy of which is attached hereto as Exhibit 1) and United States Patent No. 6,987,927 entitled "Enhanced Digital Data Collector for Removable Memory Modules" (the "'927 patent"; a copy of which is attached hereto as Exhibit 2). SMDK is the legal owner of the '202 and '927 patents. SMDK seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff SMDK Corp. is a corporation organized and existing under the laws of the State of Delaware. SMDK maintains its principal place of business at 27499 Riverview Center Boulevard, Bonita Springs, Florida 34134. SMDK is the legal owner of the '202 and '927 patents, and possesses all rights of recovery under the '202 and '927 patents, including the right to sue for infringement and recover past damages.

3. Upon information and belief, Defendant Creative Labs, Inc. ("Creative Labs") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1901 McCarthy Boulevard, Milpitas, California 95035.

4. Upon information and belief, Defendant Creative Technology Ltd. ("Creative Tech") is the parent of Creative Labs, and is a corporation organized and existing under the laws of Singapore, with its principal place of business located at Creative Resource, 31 International Business Park, Singapore 60992-1. Creative Labs and Creative Tech are collectively referred to herein as the "Creative Defendants."

5. Upon information and belief, Defendant Coby Electronics Corp. ("Coby") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 56-65 Rust Street, Maspeth, New York 11378.

6. Upon information and belief, Defendant Epson America, Inc. ("Epson America") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 3840 Kilroy Airport Way, Long Beach, California 90806.

7. Upon information and belief, Defendant Seiko Epson Corp. ("Seiko Epson") is the parent of Epson America, and is a corporation organized and existing under the laws of Japan, with its principal place of business located at 3-3-5 Owa, Suwa, Nagano 392 8505.

8. Upon information and belief, Defendant Seiko Corp. ("Seiko Corp.") is the parent of Seiko Epson, and is a corporation organized and existing under the laws of Japan, with its principal place of business located at 1-2-1 Shibaura, Tokyo 105 8549. Epson America, Seiko Epson, and Seiko Corp. are collectively referred to herein as the "Epson Defendants."

9. Upon information and belief, Defendant TIC Computer Inc., d/b/a Wolverine Data ("Wolverine") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1370 Reynolds Avenue, Suite 116, Irvine, California 92614.

10. Upon information and belief, Defendant Vosonic Technology Corp. ("Vosonic") is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 7F, No. 159 Hsien-Cheng 9th Road, Chu-Pei City, Hsinchu Taiwan.

11. Upon information and belief, Defendant Phison Corp. ("Phison") is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 2F, Ritekom Building No. 669, Sec. 4, Chung Hsing Road, Chutung, Hsinchu Taiwan 310, R.O.C.

12.     Upon information and belief, Defendant Thomson, d/b/a RCA by Thomson ("RCA") is a corporation organized and existing under the laws of France, with its principal place of business located at 46 quai A. Le Gallo, 92648 Boulogne Cedex.

13.     Upon information and belief, Defendant Audiovox Corp. ("Audiovox") is a corporation organized and existing under the State of Delaware, with its principal place of business located at 180 Marcus Boulevard, Hauppauge, New York 11788.

## JURISDICTION AND VENUE

14.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281-285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

15.     Upon information and belief, Defendants have transacted business and committed acts of infringement within the State of Texas, and more importantly, within this District, and are subject to the personal jurisdiction of this Court.

16.     Upon information and belief, Defendants have offered for sale, imported, or sold electronic products capable of being used to view pictures in this District.

17.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

18.     Defendants reside in this District for the purposes of venue, insofar as they are subject to the personal jurisdiction in this District, have committed acts of infringement in this District, solicit business in this District, provide services in this District, encourage others to practice infringement methods in this District, and conduct other business in this District.

## COUNT I – PATENT INFRINGEMENT

19. On December 2, 2003, the United States Patent and Trademark Office duly and legally issued the '202 patent to SMDK, as assignee of the inventors Michael S. Battaglia and Offie L. Drennan. The '202 patent is in full force and effect. SMDK is the legal owner of the '202 patent and possesses all rights of recovery under the '202 patent.

20. On January 17, 2006, the United States Patent and Trademark Office duly and legally issued the '927 patent to SMDK, as assignee of the inventors Michael S. Battaglia, Offie L. Drennan, and Addison M. Fisher. The '927 patent is in full force and effect. SMDK is the legal owner of the '927 patent and possesses all rights of recovery under the '927 patent.

21. Upon information and belief, the Creative Defendants have infringed and continue to infringe one or more claims of the '202 and '927 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries), in this District and elsewhere in the United States, infringing products. Upon information and belief, the Creative Defendants have also contributed to the infringement of one or more claims of the '202 and '927 patents, and/or actively induced others to infringe one or more claims of the '202 and '927 patents, in this District and elsewhere in the United States.

22. Upon information and belief, Coby has infringed and continues to infringe one or more claims of the '202 and '927 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries), in this District and elsewhere in the United States, infringing products. Upon information and belief, Coby has also contributed to the infringement of one or more claims of the '202 and '927 patents, and/or actively induced others to infringe one or more claims of the '202 and '927 patents, in this District and elsewhere in the United States.

23. Upon information and belief, the Epson Defendants have infringed and continue to infringe one or more claims of the '202 and '927 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries), in this District and elsewhere in the United States, infringing products. Upon information and belief, the Epson Defendants have also contributed to the infringement of one or more claims of the '202 and '927 patents, and/or actively induced others to infringe one or more claims of the '202 and '927 patents, in this District and elsewhere in the United States.

24. Upon information and belief, Wolverine has infringed and continues to infringe one or more claims of the '202 and '927 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries), in this District and elsewhere in the United States, infringing products. Upon information and belief, Wolverine has also contributed to the infringement of one or more claims of the '202 and '927 patents, and/or actively induced others to infringe one or more claims of the '202 and '927 patents, in this District and elsewhere in the United States.

25. Upon information and belief, Vosonic has infringed and continues to infringe one or more claims of the '202 and '927 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries), in this District and elsewhere in the United States, infringing products. Upon information and belief, Vosonic has also contributed to the infringement of one or more claims of the '202 and '927 patents, and/or actively induced others to infringe one or more claims of the '202 and '927 patents, in this District and elsewhere in the United States.

26. Upon information and belief, Phison has infringed and continues to infringe one or more claims of the '202 and '927 patents by making, using, importing, providing, offering to

sell, and selling (directly or through intermediaries), in this District and elsewhere in the United States, infringing products.  Upon information and belief, Phison has also contributed to the infringement of one or more claims of the '202 and '927 patents, and/or actively induced others to infringe one or more claims of the '202 and '927 patents, in this District and elsewhere in the United States.

27.     Upon information and belief, RCA has infringed and continues to infringe one or more claims of the '202 and '927 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries), in this District and elsewhere in the United States, infringing products.  Upon information and belief, RCA has also contributed to the infringement of one or more claims of the '202 and '927 patents, and/or actively induced others to infringe one or more claims of the '202 and '927 patents, in this District and elsewhere in the United States.

28.     Upon information and belief, Audiovox has infringed and continues to infringe one or more claims of the '202 and '927 patents by making, using, importing, providing, offering to sell, and selling (directly or through intermediaries), in this District and elsewhere in the United States, infringing products.  Upon information and belief, Audiovox has also contributed to the infringement of one or more claims of the '202 and '927 patents, and/or actively induced others to infringe one or more claims of the '202 and '927 patents, in this District and elsewhere in the United States.

29.     Each Defendant's aforesaid activities have been without authority and/or license from SMDK.

30.     SMDK is entitled to recover from the Defendants the damages sustained by SMDK as a result of the Defendants' wrongful acts in an amount subject to proof at trial.

31. Upon information and belief, the infringement of one or more claims of the '202 and '927 patents by the Creative Defendants, the Epson Defendants, Wolverine, Vosonic, Phison, and RCA is willful and deliberate. Upon information and belief, the inducement and contributory infringement of one or more claims of the '202 and '927 patents by the Creative Defendants, the Epson Defendants, Wolverine, Vosonic, Phison, and RCA is willful and deliberate. As a result, SMDK is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 with respect to these defendants.

32. Defendants' infringement of SMDK's exclusive rights under the '202 and '927 patents will continue to damage SMDK, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

33. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff SMDK Corp. respectfully requests the following relief:

A. An adjudication that the Defendants have infringed and continue to infringe claims of the '202 and '927 patents;

B. An award to SMDK of damages adequate to compensate SMDK for the Defendants' acts of infringement together with prejudgment interest;

C.  An award of enhanced damages, up to and including trebling of SMDK's damages pursuant to 35 U.S.C. § 284 for willful infringement by the Creative Defendants, the Epson Defendants, Wolverine, Vosonic, Phison, and RCA;

D.  An award of SMDK's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law with respect to the Creative Defendants, the Epson Defendants, Wolverine, Vosonic, Phison, and RCA;

E.  A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '202 and '927 patents; and

F.  Any further relief that this Court deems just and proper.

Dated: January 24, 2008                     Respectfully submitted,

          /s/ Sam Baxter
Sam Baxter
Lead Attorney
TX State Bar No. 01938000

**MCKOOL SMITH, P.C.**
P.O. Box O
Marshall, Texas 75671
Telephone: (903) 927-2111
Facsimile: (903) 927-2622
sbaxter@mckoolsmith.com

                                          Theodore Stevenson, III
                                          TX State Bar No. 19196650
                                          William E. Davis, III
                                          TX State Bar No. 24047416

                                          **MCKOOL SMITH, P.C.**
                                          300 Crescent Court, Suite 1500
                                          Dallas, Texas  75201
                                          Telephone:  (214) 978-4000
                                          Facsimile:  (214) 978-4099
                                          tstevenson@mckoolsmith.com
                                          wdavis@mckoolsmith.com

                                          **ATTORNEYS FOR PLAINTIFF,
SMDK CORP.**

*Of Counsel*:
John F. Ward
John W. Olivo, Jr.

**WARD & OLIVO**
380 Madison Avenue
New York, New York 10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866
wardj@wardolivo.com
olivoj@wardolivo.com