STEVEN W. RITCHESON, ESQ (SBN 174062)
White Field, Inc.
9800 D Topanga Canyon Blvd. #326
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
swritcheson@whitefieldinc.com

Attorneys for Plaintiff, SMDK CORP.

(*Additional Counsel on Signature Page*)

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SMDK CORPORATION, a Delaware corporation<br><br>    Plaintiff,<br><br>    v.<br><br>CREATIVE LABS, INC., a California corporation, CREATIVE TECHNOLOGY LTD., a Singapore corporation, COBY ELECTRONICS CORPORATION, a New York corporation, EPSON AMERICA, INC. , a California corporation, SEIKO EPSON CORPORATION, a Japan corporation, SEIKO CORPORATION, a Japan corporation, TIC COMPUTER, INC., D/B/A WOLVERINE DATA, a California corporation, VOSONIC TECHNOLOGY CORPORATION, a Taiwan corporation, PHISON CORPORATION, a Taiwan corporation, THOMSON, D/B/A RCA BY THOMSON, a France corporation, AUDIOVOX CORPORATION, a Delaware corporation,<br><br>    Defendants. | Case No.  10-cv-00116 PJH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: June 3, 2010<br>Time: 2:00 pm<br>Courtroom 3, 3rd Floor<br><br>Judge:  The Honorable PHYLLIS J. HAMILTON |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No.  10-cv-00116 PJH

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Civil Local Rules and Standing Order of the Northern District of California, Plaintiff SMDK Corp. ("SMDK") and Defendants Creative Labs, Inc., Epson America, Inc., Seiko Epson Corp., TIC Computer Inc., d/b/a Wolverine Data, Thomson, Inc., Wal-Mart Stores, Inc., and Wal-Mart.com USA, LLC (collectively, "Defendants") hereby jointly submit this Joint Case Management Statement.

## I.   JURISDICTION AND SERVICE

SMDK has sued Defendants for patent infringement pursuant to 35 U.S.C. § 101, *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

## II.   FACTS AND PROCEDURAL HISTORY

This case commenced on January 24, 2008, when SMDK sued Creative Labs, Inc., Creative Technology Ltd., Coby Electronics Corp., Epson America, Inc., Seiko Epson Corp., Seiko Corp., TIC Computer Inc., d/b/a Wolverine Data, Vosonic Technology Corp., Phison Corp., Thomson, d/b/a RCA by Thomson, and Audiovox Corp. in the United States District Court for the Eastern District of Texas for allegedly infringing U.S. Patent Nos. 6,658,202 entitled "Portable Data Transfer and Mass Storage Device for Removable Memory Modules" (the "'202 patent") and 6,987,927 entitled "Enhanced Digital Data Collector for Removable Memory Modules" (the "'927 patent"). SMDK asserts that the patents generally claim certain portable data transfer and mass storage devices and methods. Defendants allege that the patents are invalid and not infringed.

On April 4, 2008, Defendant Seiko Corp. was dismissed. On September 12, 2008, Defendant Phison Corp. was dismissed. On November 19, 2008, Defendants Vosonic Technology Corp. and Creative Technology Ltd. were dismissed. On November 19, 2008, SMDK filed its First Amended Complaint, adding Defendants MyDigitalDiscount.com, Inc., Wal-Mart Stores, Inc., and Wal-Mart.com USA, LLC. On March 6, 2009, Coby Electronics Corp. was dismissed. On April 26, 2010, Audiovox Corp. was dismissed.

On December 14, 2009, the United States District Court for the Eastern District of Texas granted Defendants' motion to transfer venue to the Northern District of California.

MyDigitalDiscount.com, Inc. has not yet answered the Complaint.

### III. LEGAL ISSUES

1. The construction of the claims of the '202 and '927 patents.
2. The alleged infringement of the '202 and '927 patents by Defendants.
3. The alleged willful infringement of the '202 and '927 patents by Creative Labs, Inc., Thomson, Inc., Seiko Epson Corp., and Wolverine Data.
4. The alleged invalidity of the '202 and '927 patents.
5. The defenses and counterclaims asserted by Defendants.
6. SMDK's claim for alleged damages and/or injunctive relief.

### IV. MOTIONS

#### a. Prior Motions

On October 22, 2009, Epson America, Inc., Seiko Epson Corp., and TIC Computer Inc., d/b/a Wolverine Data filed a motion to transfer venue from the Eastern District of Texas to the Northern District of California. On October 27, 2009, Creative Labs, Inc. joined in the motion. On December 14, 2009, the United States District Court for the Eastern District of Texas granted the motion to transfer venue to the Northern District of California.

#### b. Pending or Anticipated Motions

No motions are pending. The parties anticipate that they may file motions seeking summary judgment on one or more aspects of the claims, counterclaims and defenses in the litigation. The parties also expect to file pre-trial motions, such as motions in limine, and may file discovery motions if the need arises.

### V. AMENDMENT OF PLEADINGS

Currently, this action is in the middle of the discovery, and therefore the parties are unable to determine the extent of any proposed amendments. Plaintiff proposes that any amendment of pleadings or parties take place prior to October 1, 2010. Defendants propose that any amendment of pleadings or parties take place prior to August 1, 2010.

## VI. EVIDENCE PRESERVATION

All parties have been advised by their counsel to preserve all relevant evidence, including electronic stored evidence, if any.

## VII. DISCLOSURES

On September 28, 2009, SMDK, Creative Labs, Inc., Epson America, Inc., Seiko Epson Corp., TIC Computer Inc., d/b/a Wolverine Data, Thomson, Inc., Audiovox Corp., Wal-Mart Stores, Inc., and Wal-Mart.com USA, LLC timely served their initial disclosures.

Pursuant to the Eastern District of Texas Local Rules, the Initial Disclosures address the following: (1) the correct names of the parties to the lawsuit; (2) the name, address, and telephone number of any potential parties; (3) the legal theories, and in general, the factual bases of the disclosing party's claims or defenses; (4) the name, address, and telephone number of persons having knowledge of the relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person; (5) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify  reimburse for payments made to satisfy the judgment; (6) any settlement agreements relevant to the subject matter of this action; and (7) any statement of any party to the litigation.

On October 8, 2009, Epson America, Inc. and Seiko Epson Corp. supplemented their initial disclosures.

## VIII. DISCOVERY

### a. Discovery to Date

On August 13, 2009, pursuant to Eastern District of Texas Local Rules 3-1 and 3-2, SMDK served its disclosure of asserted claims and infringement contentions and document production.  On October 1 and 23, 2009, SMDK served additional documents.

On October 8, 2009, pursuant to Eastern District of Texas Local Rules 3-3 and 3-4, Defendants served their Invalidity Contentions and document disclosures.

Creative Labs, Inc. made an initial production of documents on October 8, 2009, and produced additional documents on October 23, 2009.  Thomson, Inc. also made an initial production of documents on October 8, 2009, and produced additional documents on October 23, 2009.  Thomson completed a sale of the business unit that sold the accused products in December 2007 and, as such, has very limited relevant documents under its possession, custody, or control.  Thomson has informed the Plaintiff of these circumstances.

Defendant TIC made an initial production of documents on October 8, 2009 and made additional production of documents on October 23, 2009.

Wal-Mart Stores, Inc., and Wal-Mart.com USA, LLC made an initial production of documents on October 8, 2009, and produced additional documents on October 23, 2009 and December 11, 2009.

### b. Discovery Limitations

"Side" means a party or a group of parties with a common interest.

#### i. Discovery Requests

Each side may serve up to twenty (20) common interrogatories.  SMDK may serve up to fifteen (15) additional interrogatories on each defendant, and each defendant may serve up to fifteen (15) additional interrogatories on SMDK.

Each side may serve up to twenty (20) common requests for admission.  SMDK may serve up to fifteen (15) additional requests for admission on each defendant, and each defendant may serve up to fifteen (15) additional requests for admission on SMDK.  SMDK and Defendants may serve unlimited requests for admission for the purpose of authenticating documents.

#### ii. Depositions of Parties and Third-Parties

Defendants shall be collectively entitled to twenty four (24) hours of Rule 30(b)(6) depositions of SMDK and forty (40) hours of depositions of individual witnesses under the control of SMDK.

SMDK shall be entitled to sixteen (16) hours of Rule 30(b)(6) deposition time to each defendant, and thirty (30) hours of deposition time of individual witnesses under control of each defendant.

Each side shall be entitled to sixty (60) hours of non-expert third party depositions.

### iii. Experts

SMDK shall be entitled to up to three (3) expert witnesses. Defendants shall be entitled to one (1) collective expert witness. Each defendant shall be entitled to up to two (2) additional expert witnesses. The parties shall be entitled to up to ten (10) hours of deposition testimony from an expert per expert report that has been submitted.

A testifying expert's draft reports, notes, outlines, and any other writings relating to this case leading up to his or her final report(s) in this case created after the filing date of this lawsuit are exempt from discovery, unless relied upon by the expert in forming his or her opinions. In addition, communications (whether oral or written) between or among experts retained by counsel (or the experts' assistants) and the retaining party's in-house or outside counsel, <u>occurring after the filing date of this lawsuit,</u> are exempt from discovery unless relied upon by the expert in forming his opinions. The expert must produce his or her final report and all materials on which he or she relied. To the extent that the expert relies upon information that has been previously produced, the expert may identify such documents by Bates number in lieu of producing such information. Notwithstanding the above exclusions, the following shall be discoverable during discovery and/or usable at trial: (i) notes, documents, work product or communications that have been relied upon by an expert in the formulation of his or her opinions in this lawsuit; and (ii) compensation arrangements and compensation related documents for experts (e.g., an expert's bill and invoices to his or her client(s) regarding the litigation<u>, which may be redacted as necessary for attorney-client privilege, work-product protection, or any other privilege or protection</u>).

### iv. Privilege Log

The parties agree to log privileged and/or work product documents and to produce privilege logs no later than November 1, 2010. The parties further agree that privileged and/or work product documents created by any party after the filing of the Complaint do not need to be logged.

### v. Modification

The above limitations may be modified by agreement of the parties or by further Order of the Court.

## IX. CLASS ACTIONS

This is not a class action.

## X. RELATED CASES

This case is related to *SmartDisk Corp. v. Archos, S.A., et al.*, Case No. 2-05 CV-101-TJW in the United States District Court for the Eastern District of Texas, Marshall Division. The *Archos* case involved the same two patents as those in suit in this case and the court issued a *Markman* ruling addressing many terms that are also likely to be at issue in this case. The case settled in August 2007 after briefing was completed on two summary judgment of noninfringement motions filed by Arcos, one for the '202 Patent and one for the '927 Patent.

## XI. RELIEF

SMDK seeks damages in the amount to be proven at trial, interest, attorneys' fees, costs, and any other relief that the Court deems just and equitable.

Defendants seek dismissal of SMDK's claims with prejudice, declaratory judgment that the '202 patent and the '927 patent are invalid and not infringed, costs, fees, and any other relief that the Court deems just and equitable.

## XII. SETTLEMENT AND ADR

As required by ADR L.R. 3.5, counsel for the parties have discussed available ADR options. The parties have agreed to an Early Neutral Evaluation, which is presently set to be held on June 23, 2010.

### XIII. CONSENT TO MAGISTRATE FOR ALL PURPOSES

The parties do not consent to a Magistrate Judge for all purposes.  On March 31, 2010, Creative Labs filed a Declination to Proceed before a Magistrate Judge and Request for Reassignment to a United States District Judge.  On April 5, 2010, this case was reassigned to the Honorable Phyllis J. Hamilton.

### XIV. OTHER REFERENCES

The parties do not believe this case is suitable for reference to binding arbitration or a special master.

### XV.  NARROWING OF ISSUES

The parties expect that the patent claim construction decision of disputed claim terms (pursuant to the process set out in the Patent Local Rules) may help to narrow the issues in dispute.

### XVI. EXPEDITED SCHEDULE

This case will be handled pursuant to the Patent Local Rules.

### XVII. SCHEDULING

The parties propose the following schedule that goes through the Claim Construction Hearing, pursuant to Patent Local Rule 4-6.  The proposed schedule follows the deadlines set in the Patent Local Rules.  Given the number of parties in the case and that the claim construction ruling may substantially impact the posture of the case, the parties propose that, when the Court issues its claim construction ruling, it set a further Case Management Conference to establish the remaining schedule for this case, up to and including trial.

| EVENT | DATE |
| --- | --- |
| Case Management Conference | June 3, 2010 |
| Infringement Contentions (Patent L.R. 3-1) | Served Prior to Case Transfer |
| Invalidity Contentions (Patent L.R. 3-3) | Served Prior to Case Transfer |
| Proposed Terms for Construction (Patent L.R. 4-1) | October 13, 2010 |
| Preliminary Claim Constructions (Patent L.R. 4-2) | November 3, 2010 |
| Joint Claim Construction and claim construction expert reports (Patent L.R. 4-3) | December 15, 2010 |
| Last day for discovery relating to Claim Construction | January 14, 2011 |

| | |
|---|---|
| (Patent L.R. 4-4) | |
| Opening Claim Construction Brief (Patent L.R. 4-5(a)) | January 28, 2011 |
| Opposing Claim Construction Brief (Patent L.R. 4-5(b)) | February 11, 2011 |
| Reply Claim Construction Brief (Patent L.R. 4-5(c)) | February 18, 2011 |
| Claim Construction Hearing (Patent L.R. 4-6) | On or after March 16, 2011 |
| Follow-up Case Management Conference | May 4, 2011 |

### XVIII. TRIAL

The parties request a jury trial.  Plaintiff expects the trial to take approximately seven (7) to ten (10) days.  Defendants believe that, to the extent each defendant has unique infringement defenses not common to the other defendants, a longer trial may be necessary, up to approximately 15 days.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have filed or will shortly file a Certificate of Interested Entities or Persons.  Exhibit A hereto restates the contents of those certifications.

### XX.   REQUIREMENTS PER N.D. CAL PATENT LOCAL RULES

As required by the Patent Local Rules, the parties discussed each of the topics listed in Patent Local Rule 2-1 during their meet and confer.  In regards to scheduling and the Claim Construction Hearing, the parties believe it is too early to propose a format for the hearing given the number of potential claims at issue.  The parties propose submitting a proposed format for the hearing as part of the Joint Claim Construction and Prehearing Statement that they submit pursuant to Patent Local Rule 4-3.

In regard to educating the court on the technology at issue, the parties propose a two hour technology tutorial during the week of the Claim Construction Hearing.

Dated: May 27, 2010                                  Respectfully submitted,


                                                    /s/ Steven W. Ritcheson
                                         _____
                                         Steven W. Ritcheson (SBN 174062)
                                         **WHITE FIELD**
                                         9800 D Topanga Canyon Blvd. #326
                                         Chatsworth, California 91311
                                         Telephone: (818) 882-1030
                                         Facsimile: (818) 337-0383
                                         swritcheson@whitefieldinc.com

                                         Attorney for Plaintiff, SMDK Corp.

Dated: May 27, 2010
                                            ____/s/ Terrence P. McMahon_____
                                         Terrence P. McMahon (CA Bar No. 071910)
                                         David L. Larson (CA Bar No. 112342)
                                         Bryan K. James (CA Bar No. 260753)
                                         **McDERMOTT WILL & EMERY LLP**
                                         275 Middlefield Rd., Suite 100
                                         Menlo Park, CA 94025
                                         Telephone: 650.815.7400
                                         Facsimile:  650.815.7401
                                         Email:  tmcmahon@mwe.com
                                                 dlarson@mwe.com
                                                 bjames@mwe.com

                                         Attorneys for Defendant and Counterclaimant
                                         CREATIVE LABS, INC.

Dated: May 27, 2010

      /s/ Richard de Bodo
Richard de Bodo (CA Bar No. 128199)
Patrick Park (CA Bar No. 246348)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, 14th floor
Los Angeles, CA 90067
Telephone: 310.785.4600
Facsimile: 310.785.4601
Email: richard.debodo@hhlaw.com
      patrick.park@hhlaw.com

Attorneys for Defendants, EPSON AMERICA, INC. and SEIKO EPSON CORP.

Dated: May 27, 2010

      /s/ Robert D. Fish
Robert D. Fish  (CA Bar No. 149711)
Mei Tsang  (CA Bar No. 237959)
Ryan Dean (CA Bar No.  259320)
**FISH & ASSOCIATES**
2603 Main Street, Suite 1000
Irvine, CA 92614-4271
Telephone: 949.943.8300
Facsimile: 949.943.8358
Email: rfish@fishiplaw.com
      mtsang@fishiplaw.com

Attorneys for Defendant TIC COMPUTER, INC. DBA WOLVERINE DATA

| | |
|---|---|
| 1  Dated: May 27, 2010 | ___/s/ Laura L. Chapman_____ |
| 2  | Laura L. Chapman (CA Bar No. 167249) |
|    | **FOLEY & LARDNER LLP** |
| 3  | 555 California Street, Suite 1700 |
|    | San Francisco, CA 94104-1520 |
| 4  | Telephone:  415.434.4484 |
|    | Facsimile:  415.434.4507 |
| 5  | Email:  lchapman@foley.com |
| 6  | |
|    | Jonathan R. Spivey |
| 7  | Michael S. Kramer |
|    | **FOLEY & LARDNER LLP** |
| 8  | 321 North Clark Street, Suite 2800 |
|    | Chicago, Illinois 60654 |
| 9  | Telephone:  312.832.4500 |
|    | Facsimile:  936.832.4700 |
| 10 | Email:  jspivey@foley.com |
| 11 | |
|    | Attorneys for Defendants |
| 12 | WAL-MART STORES, INC. AND |
|    | WAL-MART.COM USA, LLC |
| 13 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: May 27, 2010

　　　　/s/ John A. O'Malley
John A. O'Malley (California Bar No. 101181)
**FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Tel:  (213) 892-9200
Fax:  (213) 892-9494
Email: jomalley@fulbright.com

Richard S. Zembek
E. Lee Haag
Daniel S. Leventhal
**FULBRIGHT & JAWORSKI L.L.P.**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:     (713) 651-5151
FAX:   (713) 651-5246
Email: lhaag@fulbright.com
rzembek@fulbright.com
bnicholson@fulbright.com
dleventhal@fulbright.com

ATTORNEYS FOR DEFENDANT,
THOMSON, INC.

## Exhibit A

Pursuant to the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, below are the contents of the Certification of Interested Entities or Persons by each party that filed such Certification.

**Plaintiff SMDK Corp.**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) may have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) may have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    Michael Battaglia
    Addison Fischer
    Tim Curran
    John Cunningham
    Tony Ibarguen

**Defendant Creative Labs, Inc.**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) may have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) may have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    1. Creative Labs, Inc. is a California corporation.

    2. Creative Technology Ltd. is the parent corporation and owns 10% or more of Creative Labs, Inc.'s stock.

**Defendants Thomson, Inc.**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Thomson, Inc. is a wholly-owned subsidiary of Technicolor S.A.

**Defendants Seiko Epson Corporation and Epson America, Inc.**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Seiko Epson Corporation ("SEC") is a publicly-held Japanese corporation. No publicly-held corporation owns 10% or more of its stock.

2. Epson America, Inc. ("EAI") is wholly owned by U.S. Epson, Inc.  U.S. Epson, Inc. is a holding company one hundred percent owned by SEC, which is a publicly-held Japanese corporation.  No publicly-held corporation owns 10% or more of EAI.

**Defendants TIC**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. TIC Computer, Inc. D/B/A Wolverine Data, Inc.

14
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No.  10-cv-00116 PJH

**Defendants Wal-Mart Stores, Inc. and Wal-Mart.com USA, LLC**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

     1.    Wal-Mart Stores, Inc. is a publicly traded corporation.  No publicly-held corporation owns 10% or more of the stock of Wal-Mart Stores, Inc.

     2.    Wal-Mart Stores, Inc. is the ultimate parent corporation of defendant Wal-Mart.com USA, LLC.   No publicly-held corporation owns 10% or more of the stock of Wal-Mart.com USA, LLC.